UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE MARCUM,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMTRUST INSURANCE COMPANY OF KANSAS,<br><br>                    Defendant. | NO:  CV-11-5050-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

Before the Court is the Defendant's Motion to Dismiss, ECF No. 17.  The Court has reviewed the pleadings and the file and is fully informed.

## BACKGROUND

On January 27, 2011, the Plaintiff, Michelle Marcum, brought this action in Benton County Superior Court alleging that Trinity Universal Insurance Company of Kansas ("Trinity") had failed to perform under an insurance contract.  The claim arose from a fire at the West Richland Golf Course clubhouse and restaurant on December 30, 2008.  In her complaint, Ms. Marcum sought monies allegedly owed

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

under the insurance contract and reasonable attorney fees pursuant to the Washington State Supreme Court's decision in *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991).

The Defendant, AmTrust Insurance Company of Kansas ("AmTrust"), removed the action to this Court on the basis of diversity jurisdiction. AmTrust also filed a motion to be properly identified as the defendant in light of its status as Trinity's successor in interest. After being properly substituted in the caption, AmTrust moved to dismiss Ms. Marcum's claim for attorney fees. ECF No. 17. In support of its motion, AmTrust has filed a statement of undisputed material facts, ECF No. 20, supported by two declarations, ECF Nos. 21, 22. Ms. Marcum has not responded to AmTrust's motion.

**APPLICABLE LAW**

Under Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Id.* (citing *Celotex*, 477 U.S. at 325). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* (citing *Celotex*, 477 U.S. at 324).

In a case such as this one, where the non-moving party fails to respond to the movant's motion for summary judgment, the Court should inquire as to whether the "movant's papers are insufficient to support [the] motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (1993). However, if the record evidences no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, the Court should grant the motion.

In *Olympic S.S.*, the Washington State Supreme Court held "that an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." 117 Wn.2d at 53.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

The Washington State Court of Appeals has clarified that "an insured is entitled to fees if compelled to take legal action to obtain the benefits under its insurance contract, but not if the issue is merely a dispute about the value of the claim." *Solnicka v. Safeco Ins. Co. of Illinois*, 93 Wn. App. 531, 533 (1999) (citing *Petersen v. United Servs. Auto, Ass'n*, 91 Wn. App. 212, 218 (1998)).

## DISCUSSION

As an initial matter, it is uncontested in the record that Ms. Marcum was served with requests for admission. ECF No. 22 at 2. It is also uncontested in the record that Ms. Marcum failed to respond to the requests for admission within the thirty days allowed by Fed. R. Civ. P. 36(a)(3). ECF No. 22 at 2. Accordingly, by operation of that rule, Ms. Marcum is deemed to have admitted the requested matters. Fed. R. Civ. P. 36(a)(3).

Based on the admissions, the record establishes that AmTrust has paid all of the documented claims of Ms. Marcum relating to the December 30, 2008, fire up to the policy limits. ECF No. 22 at 13-27. The record establishes that AmTrust began adjusting this claim prior to commission of this lawsuit, and that AmTrust did not dispute its duty to cover Ms. Marcum. ECF No. 21. Any disputes evidenced by the letters and emails in the record could only be construed as ensuring that there was sufficient information to establish the magnitude of the loss. *See* ECF No. 21.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

In short, based on the record before the Court, it appears that no lawsuit was necessary to obtain benefits under the insurance policy. Accordingly, attorney fees under *Olympic S.S.* are inappropriate. Therefore, there are no issues of material fact in this case, and the Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's Motion to Dismiss, **ECF No. 17**, is **GRANTED**.

2. The Plaintiff's claim for attorney fees under *Olympic S.S.* is

**DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 19th of October, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5