UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE MARCUM,<br><br>                  Plaintiff,<br><br>   v.<br><br>AMTRUST INSURANCE COMPANY OF KANSAS,<br><br>                  Defendant. | NO: CV-11-5050-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS |

Before the Court are the Defendant's Motion to Dismiss Plaintiff's Liability Claims, ECF No. 69, and Motion to Dismiss Based on Plaintiff's Failure to Produce Discovery, ECF No. 78. The Court has reviewed the motions, the materials filed in support, the relevant filings, and is fully informed.

**BACKGROUND**

On January 27, 2011, the Plaintiff, Michelle Marcum, brought this action in Benton County Superior Court alleging that Trinity Universal Insurance Company of Kansas ("Trinity") had failed to perform under an insurance contract. The claim

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

arose from a fire at the West Richland Golf Course clubhouse and restaurant on December 30, 2008. In her complaint, Ms. Marcum sought monies allegedly owed under the insurance contract and reasonable attorney fees pursuant to the Washington State Supreme Court's decision in *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991).

The Defendant, AmTrust Insurance Company of Kansas ("AmTrust"), removed the action to this Court on the basis of diversity jurisdiction. AmTrust also filed a motion to be properly identified as the defendant in light of its status as Trinity's successor in interest. After AmTrust was properly identified as the defendant, AmTrust moved for dismissal of Ms. Marcum's claims for attorney fees under *Olympic S.S. Co.* ECF No. 17. Ms. Marcum did not file a response. The Court granted AmTrust's motion and dismissed the claims for attorney fees. ECF No. 35.

AmTrust also filed a motion to compel discovery. ECF No. 24. AmTrust alleged that it had served its first interrogatories and requests for production on Ms. Marcum, and Ms. Marcum had failed to respond. ECF No. 27. Ms. Marcum did not respond to AmTrust's motion to compel. The Court granted AmTrust's motion and ordered Ms. Marcum to provide complete answers to AmTrust's interrogatories as well as to produce documents responsive to AmTrust's requests

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

for production by November 7, 2011. ECF No. 38. Ms. Marcum produced responsive materials on November 8, 2011, and November 18, 2011. ECF No. 52.

On December 9, 2011, AmTrust moved for an order resolving a dispute regarding a deposition date. ECF No. 49. However, prior to resolution of that motion, the parties came to an agreement and Ms. Marcum was deposed by AmTrust.

On March 19, 2012, AmTrust filed a motion to dismiss Ms. Marcum's liability claim under Rule 56. ECF No. 69. Two days later, counsel for Ms. Marcum moved to withdraw citing a breakdown in communication. ECF Nos. 73, 74. This Court granted that motion and counsel has withdrawn from the case. ECF No. 82. On March 26, 2012, AmTrust filed a motion to dismiss based on alleged discovery violations. ECF No. 78. The deadline for responding to both motions to dismiss has passed, and Ms. Marcum has not filed a response to either motion.

## DISCUSSION

**AmTrust's Rule 56 Motion**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

1  477 U.S. 317, 323-24 (1986).  Summary judgment is "not a disfavored procedural
2  shortcut," but is instead the "principal tool[ ] by which factually insufficient claims
3  or defenses [can] be isolated and prevented from going to trial with the attendant
4  unwarranted consumption of public and private resources."  *Celotex*, 477 U.S. at
5  327.

6  The moving party bears the initial burden of demonstrating the absence of a
7  genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  The moving party
8  must demonstrate to the Court that there is an absence of evidence to support the
9  non-moving party's case.  *See Celotex Corp.*, 477 U.S. at 325.  The burden then
10 shifts to the non-moving party to "set out 'specific facts showing a genuine issue
11 for trial.'"  *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ.P. 56(e)).

12 A genuine issue of material fact exists if sufficient evidence supports the
13 claimed factual dispute, requiring "a jury or judge to resolve the parties' differing
14 versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
15 *Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).  At summary judgment, the court draws
16 all reasonable inferences in favor of the nonmoving party.  *Dzung Chu v. Oracle*
17 *Corp.* (*In re Oracle Corp. Secs. Litig.*), 627 F.3d 376, 387 (9th Cir. 2010) (citing
18 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  The evidence
19 presented by both the moving and non-moving parties must be admissible.  Fed. R.
20 Civ. P. 56(e).  The court will not presume missing facts, and non-specific facts in

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

affidavits are not sufficient to support or undermine a claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

In a case such as this one, where the non-moving party fails to respond to the movant's motion for summary judgment, the Court should inquire as to whether the "movant's papers are insufficient to support [the] motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (1993). However, if the record evidences no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, the Court should grant the motion.

In her complaint, Ms. Marcum alleges that she is the owner of the West Richland Golf Course, that she purchased an insurance policy from the Defendant to cover the golf course, that a fire occurred at the golf course, and that the Defendant failed to meet its obligation under an insurance contract. ECF No. 3 at 10-11. In short, Ms. Marcum is claiming that AmTrust breached its duties under the insurance contract.

The parties do not dispute that Ms. Marcum had an insurance agreement with AmTrust or that the fire was covered by the insurance policy. The basis of AmTrust's Rule 56 motion is that there was no breach of the insurance contract because AmTrust has complied with its obligations under the contract.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

The insurance contract at issue imposed a duty on the insured to provide to the insurer a sworn proof of loss, notice of the loss, a description of the property involved, a description of how the loss occurred, and inventories of the damaged and undamaged property. ECF No. 21 at 29-30. The contract also imposes a duty to allow agents of the insurer to inspect the property at issue as well as the books and records of the insured. ECF No. 21 at 29-30.

As noted in the Court's October 19, 2011, order granting AmTrust's motion to dismiss, Ms. Marcum failed to respond to AmTrust's requests for admission and, by operation of law, is deemed to have admitted the requested matters under Federal Rule of Civil Procedure 36(a)(3). ECF No. 35 at 4. As such, Ms. Marcum is deemed to have admitted that Amtrust paid to Ms. Marcum "all documented fire loss claims subject to coverage under the policy of insurance and within the applicable limits." ECF No. 22 at 26. Ms. Marcum has admitted that she has documented "total fire loss claims of $1,507,691.31 as of the date of filing her complaint, of which Amtrust has paid to [Ms. Marcum] $1,507,691.31." ECF No. 22 at 27. Ms. Marcum also has admitted that "Amtrust requested more than once that [Ms. Marcum] submit documentation for any remaining fire loss claims subject to coverage under the policy of insurance, which [Ms. Marcum] did not do." ECF No. 22 at 25.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

In short, AmTrust has paid all claims for which Ms. Marcum has filed documentation either to the amount documented or up to the policy limit. ECF No. 22. The record furnishes no evidence that there are any claims which AmTrust had an obligation to pay that were not paid. As such, the Court finds that there is no issue of fact, and that AmTrust is entitled to judgment as a matter of law.

**AmTrust's Motion to Dismiss Due to Discovery Violations**

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

After Ms. Marcum's failure to initially respond to discovery requests, this Court ordered that Ms. Marcum respond to AmTrust's first interrogatories and requests for production by November 7, 2011. While Ms. Marcum did respond to AmTrust's discovery requests, she did so late. At her deposition on January 26, 2012, Ms. Marcum's testimony made clear that her answers to AmTrust's first interrogatory also were incomplete. ECF No. 81 at 7-10. AmTrust requested that Ms. Marcum supplement her disclosures, which Ms. Marcum has not done. ECF No. 81 at 3. Over the course of this litigation, Ms. Marcum consistently has failed to prosecute this case. The Court concludes that a sanction less than dismissal would not protect AmTrust from incurring further expenses in connection to Ms.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

Marcum's failure to conform to this Court's orders. As such, the Court concludes that Ms. Marcum's discovery abuses constitute independent grounds for the dismissal of this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's Motion to Dismiss Plaintiff's Liability Claims, **ECF No. 69**, is **GRANTED**.

2. The Defendant's Motion to Dismiss Based on Plaintiff's Failure to Produce Discovery, **ECF No. 78**, is **GRANTED**.

3. The above-captioned case is **DISMISSED WITH PREJUDICE**.

4. As a result of the foregoing, the Defendant's Motion in Limine, **ECF No. 91**, is **DENIED AS MOOT**.

5. All other hearings and deadlines are hereby **STRICKEN**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel and the Plaintiff, and to **CLOSE** this file.

**DATED** this 15th of May, 2012.

                                       *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                Chief United States District Court Judge